1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA S. PERRY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>Defendant. | Case No. C06-5494RJB<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, AND AFFIRMING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION |

This matter comes before the court on review of the Report and Recommendation of the magistrate judge. Dkt. 28. The court has considered the Report and Recommendation, plaintiff's objections to the Report and Recommendation, and the remainder of the file herein.

PROCEDURAL HISTORY

On February 5, 2005, following an order of remand and supplemental hearing, the Administrative Law Judge (ALJ) issued a decision denying plaintiff's application for Supplemental Security Income payments under Sections 1602 and 1614(a)(3)(A). TR 49-63. On July 6, 2006, the Appeals Council declined plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner. TR 8-12.

On August 29, 2006, plaintiff filed this action challenging the Social Security Administration's

ORDER
Page -

denial of benefits, contending that (1) the ALJ failed to evaluate all of plaintiff's severe mental impairments, such as depression and PTSD, at Step 2 of the five-step sequential evaluation process for determining whether a claimant is disabled; (2) the ALJ failed to consider all of the limitations resulting from claimant's severe anxiety disorder, such as her shortness of breath and shakiness, in the residual functional capacity assessment; and (3) ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony of pain and limitations. Dkt. 14.

On May 23, 2007, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, concluding that the ALJ properly assessed plaintiff's severe impairments at Step 2; that the ALJ properly assessed plaintiff's Residual Functional Capacity; and that the ALJ properly assessed plaintiff's credibility. Dkt. 18. Judge Arnold recommended that the court affirm the administrative decision. On June 1, 2006, plaintiff filed objections to the Report and Recommendation. Dkt. 19.

## DISCUSSION

### 1. Dysthymia/Depression

In her objections, plaintiff contends that the magistrate judge erred by applying the legal standards for finding a mental impairment (dysthymia) *per se* disabling at Step 3 under the Listings, instead of applying the proper, *de minimis* test for finding an impairment severe at Step 2; that Dr. Gordy testified that plaintiff has a dysthymic disorder that meets the A and B criteria for listing 12.04; that the ALJ relied on her own interpretation of the record and did not credit Dr. Gordy's testimony about the existence and severity of plaintiff's dysthymia; that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Gordy's testimony; that the three isolated instances in which plaintiff denied depression provides an insufficient basis for rejecting all of the consistent medical evidence regarding plaintiff's depression; that the medical evidence, including Dr. Gordy's testimony, shows that plaintiff's depression was a severe impairment between July 2000 and July 2002; and that, because the ALJ improperly excluded dysthymia as a severe mental impairment, she failed to assess the degree of limitation for the dysthymia.

The record shows that the ALJ relied upon Dr. Gordy's testimony and opinion in determining that plaintiff's dysthymia/depression was not a severe impairment. Dr. Gordy testified that plaintiff "had some affective components in personality difficulties." Administrative Record, at 874. Dr. Gordy testified that "12.08" (personality disorder) was "the predominant one." *Id.* Dr. Gordy opined that the primary

ORDER
Page -

difficulty was personality disorder and that the other problems were secondary to that. Administrative Record, at 882-83. Although, as defendant recognized in his brief, Dr. Gordy's testimony was not a model of clarity, the ALJ properly resolved the ambiguities and conflicts in the testimony. *See* Dkt. 16, at 8. The ALJ's interpretation of Dr. Gordy's testimony is also supported by the medical records and by plaintiff's ability to perform daily activities. Finally, even if Dr. Gordy's testimony were to be interpreted to mean that plaintiff's depression was severe, the record of plaintiff's activities supports the conclusion that plaintiff would be able to perform simple, repetitive tasks in work settings that involved no more than superficial public interaction, one or two supervisors, and not a large number of other employees.

The ALJ did not err in determining at Step 2, that plaintiff's dysthymia/depression did not constitute a severe impairment.

.   **2. Physical Manifestations of Anxiety Disorder**

In her objections, plaintiff contends that the ALJ failed to consider the legitimate physical manifestations of her anxiety disorder when assessing her Residual Functional Capacity (RFC). Plaintiff argues that the hypothetical posed to the Vocational Expert at the hearing was not proper because it was based upon a claimant who had mild, not moderate, limitations in her activities of daily living; and because the hypothetical included no limitations from shortness of breath or chest tightness.

The ALJ included all limitations supported by the record in assessing plaintiff's RFC and in the hypothetical question posed to the vocational expert. The RFC did not include limitations for shortness of breath and for shakiness because those limitations were not supported by the medical evidence during the relevant period and because plaintiff's anxiety symptoms were otherwise included in the RFC.

The ALJ did not err in failing to include certain manifestations of plaintiff's anxiety when assessing her RFC and in the hypothetical posed to the Vocational Expert.

**3. Credibility of Plaintiff**

In her objections, plaintiff contends that the ALJ's credibility determination was improper because the ALJ failed to consider all of the medical evidence, the lay witness testimony, and plaintiff's own testimony when the ALJ found that plaintiff was not credible. Plaintiff maintains that the ALJ failed to address the weight she attributed to the testimony of the lay witness, Ms. Vanderpool, regarding plaintiff's depression and isolation; the ALJ mischaracterized plaintiff's testimony regarding her activities, failed to

ORDER
Page -

show that plaintiff engaged in these activities for a substantial part of her day; failed to show that the activities would be readily transferrable to the more grueling world of work; and failed to consider how the combination of impairments, including the depressive disorder that the ALJ failed to consider at Step 2, affected her RFP.

The ALJ thoroughly summarized the medical evidence, relied on plaintiff's social and daily activities, assigned significant weight to Dr. Gordy's opinion, and considered that plaintiff had reasons other than disability for her lack of employment (plaintiff considered part time work but was "highly anxious" that her public assistance would be cut off). The ALJ gave reasons for not assigning significant weight to the lay testimony of Ms. Vanderpool.  The ALJ gave clear and convincing reasons for finding that plaintiff was not fully credible.  The ALJ did not err in determining that plaintiff was not fully credible.

Based upon the Report and Recommendation, the administrative record, the briefing of the parties, and plaintiff's objections, the court concludes that the decision of the Commissioner of the Social Security Administration should be affirmed.

Therefore, it is hereby **ORDERED** that

Plaintiff's objections are **OVERRULED**, and the Report and Recommendation of the magistrate judge (Dkt. 18) is **ADOPTED**.  The final decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of June, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page -